**Lovell SMITH, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–77–719.**

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1978.

## ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF

Petitioner, was tried in the District Court of Oklahoma County, Oklahoma with the crime of Robbery with a Dangerous Weapon, After Former Conviction of a Felony; Case No. CRF–69–2849. On March 9, 1970, he was sentenced to Fifty (50) years imprisonment. Thereafter, on June 23, 1970, petitioner was tried and convicted in the District Court of Oklahoma County, Oklahoma of the charge of Assault and Battery with a Deadly Weapon, After Former Conviction of a Felony, Case No. CRF–70–931. On July 1, 1970, he was sentenced in Case No. CRF–70–931 to a term of Seventy-five (75) years imprisonment. Petitioner appealed both convictions. On February 24, 1971, this Court affirmed the conviction in CRF–70–931, and on June 23, 1971, this Court reversed with instructions to dismiss the conviction in Case No. CRF–69–2849, on the grounds that that case was barred by the constitutional prohibition against double jeopardy due to the trial of Case No. CRF–70–931. On August 26, 1975, the petitioner filed an application for post-conviction relief in Case No. CRF–70–931 which was denied on October 1, 1975. This Court affirmed that denial on October 17, 1975, Case No. PC–75–607.

Petitioner filed a second application for post-conviction relied in Case No. CRF–70–931, on September 17, 1977. On September 28, 1977, the district court denied petitioner relief. From that denial of relief, petitioner has appealed to this Court.

 Petitioner cites two propositions of error. The first is that the judge and the counsel in the trial of his Case No. CRF 70–931,

"[i]ndicated a bias against the Petitioner and deprived him of due process of law, by driving Petitioner off the witness stand."

Petitioner cites no reason why that alleged error was not raised in his previous application for post-conviction relief, so that claim is barred by the dictates of 22 O.S.1971, § 1086.

 Petitioner next alleges that his second conviction, No. CRF–70–961, should have been barred by reason of his prior jeopardy in Case No. CRF–69–2849. However, this Court has long held that the prohibition against double jeopardy can be waived by the defendant. See: *Johnson v. State*, Okl.Cr., 550 P.2d 984 (1976). In not raising the jeopardy question in this case until now we held that the petitioner has waived the prohibition against double jeopardy. Furthermore, as the petitioner did urge double jeopardy in the case that was tried first, and as the case was dismissed on the basis of double jeopardy, the conviction in only one of the two cases was affirmed on appeal. However, in the interest of justice we reduced petitioner's sentence to a term of Fifty (50) years imprisonment, as that was the sentence he received in the case that was tried first.

For the above and foregoing reasons the denial of petitioner's application for post-conviction relief is DENIED as MODIFIED.

So ordered.

Witness our signatures, and the seal of this court, this 23rd day of January, 1978.

HEZ J. BUSSEY, P. J.,
TOM BRETT, J.